CASE 14—ACTION BY PATRICK J. COLLOPY AND OTHERS AGAINST THOMAS
GILCHRIST AND OTHERS FOR AN INJUNCTION TO PREVENT THE DE-
FENDANTS FROM ACTING AS DIRECTORS OF A CORPORATION.—NOVEM-
BER 18.

# Gilchrist and Others v. Collopy and Others.

APPEAL FROM KENTON CIRCUIT COURT—WM. McD. SHAW, CIRCUIT
JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL.   AFFIRMED.

CORPORATIONS—ELECTION OF DIRECTORS—ACTION TO ENJOIN INTER-
FERENCE WITH OFFICIAL DUTIES—FORM OF ACTION.

1. Less than a majority of the stockholders of a corporation may
   hold a valid election of officers.
2. Civ. Code, sec. 483, providing that usurpation of an office or fran-
   chise may be prevented by ordinary action, applies only to
   public offices. .
3. When an action to enjoin the defendants from interfering with
   plaintiffs in the exercise of their duties as directors of a corpor-
   ation involved only questions of law, and no motion was made to
   transfer it to the law side, defendants were not prejudiced by the
   form of the action, even granting that it should have been at
   law.
4. Where two cities, owning in equal parts all the stock in a corpor-
   ation having five directors chosen annually, agreed that on.
   alternate years one should elect two and the other three directors,
   and at one election the stock owned by one city not being voted,
   the other elected two directors according to the agreement, the
   election was not invalid because only two directors were chosen.

BYRNE & REED, ATTORNEYS FOR APPELLANTS.

We maintain that appellees do not state a cause of action
against appellants:

1. Because there was no meeting of the stockholders and there-
fore no election of directors.

(a) The petition shows that all the stock in the bridge com-
pany is owned in equal amounts by the cities of Covington and
Newport.

(b) Therefore it is clear that there were two stockholders
only.

Gilchrist, et al. v. Collopy, et al.

(c) Charter provides that the stockholders shall annually elect five directors.

(d) Therefore one of the stockholders could not in the absence of the other elect three directors.

2. The action for injunction is not the remedy; we insist that an officer can not be removed by injunction, that his title to the office must be tried out. Civil Code, secs. 480, 483; Boyd v. Chambers, 78 Ky., 140; Toney v. Harris, 85 Ky., 453; Tillman v. Otter, 93 Ky., 600; Collopy v. Cloherty, 95 Ky., 330; Stein v. Berry, 96 Ky., 63; Patterson v. Miller, 2 Met., 493; Tupper v. Dart, 104 Ga., 179; Cosart v. Fleming, 123 N. C., 547; Marshall v Board of Managers, Ill. State Reformatory, 103 Ill. App., 65; Deenar v. Boyne, 103 Ill. App., 489.

3. Appellees can not obtain any relief in this action by a general prayer for proper relief. Meak v. McCall, 80 Ky., 371; Graves v. Walker, 4 R., 452; Martin v. McKinney, 4 Rep., 452.

4. There must be some property right involved to entitle a person to a summary remedy by injunction and this is never the case where the question merely of title to office is at issue. Clark v. Wallace, 20 R., 154; Schmidt v. Lodge, &c., 84 Ky., 490; Huston v. Reutlinger, 91 Ky., 338; Hitter v. Geo. R. Cath, &c., 4 R., 972; L. & N. R. R. Co. v. McVeen, 17 R., 1283.

S. D. ROUSE AND C. B. THOMPSON, ATTORNEYS FOR APPELLEE.

CLASSIFICATION OF QUESTIONS DISCUSSED WITH AUTHORITIES.

1. An appeal of a moot case will not be entertained. Johnson, Mayor v. Smith, 24 Ky. Law Rep., 883; Bartmeyer v. Iowa, 18 Wall., 129.

2. It is not essential to the validity of an election at a stockholder's meeting that a majority of the stock be represented. Morawetz on Corporations (2d. Ed.), sec. 476; Cook on Corporations (4th Ed.), secs. 607, 608; Kent's Commentaries, sec. 293.

3. Intermeddlers in the affairs of a private corporation may be enjoined, in a proper case, even though they claim to be *de facto* officers—the rule of public policy to the contrary applying to public officers only. Morawetz on Corporations (2d. Ed.), secs. 640, 543a.

4. Where suit is brought erroneously on the equity side of the court, advantage of this error can be taken only by a motion to transfer. Code Sec. 8; Turner v. Newman, 19 Ky. Law Rep., 231; Greenup Co. v. R. R. Co., 88 Ky., 659; Frazer v. Naylor, 1 Met., 593; Foster v. Watson, 16 B. Mon., 377.

5. It is the general rule, prevalent in all the Code States, that plaintiff shall have all the relief to which his allegations entitle him, whether legal or equitable, or both, notwithstanding that he prays for one kind of relief only. Getty v. R. R. Co., 6 How. Pr., 269; Ice Co. v. Ins. Co., 23 N. Y., 357.

OPINION OF THE COURT BY JUDGE BARKER—AFFIRMING.

The Newport & Covington Bridge Company owns and operates a bridge over the Licking river, connecting the two cities of Newport and Covington. The stock of the corporation consists of 1,000 shares of the par value of $25 each, the whole owned by the two municipal coporations equally. By the charter, the affairs of the corporation are to be managed by five directors, chosen annually by the shareholders on the first Monday in June. There seems to have been a working agreement between the cities that in alternate years one should elect three, and the other two, of the directors.

On the first Monday in June, 1903, the mayor of Covington attended at the office of the bridge corporation, and being properly authorized to so do, voted the stock of the city of Covington for the appellees as directors for the ensuing year. The stock of the city of Newport was not represented at the meeting. The appellees qualified by taking the oath of office, and presented themselves to the corporation for installation, which was refused on the ground that there had been no legal election, and therefore they were not directors. Whereupon they instituted this action in equity against appellants for an injunction restraining them from preventing appellees exercising their duties as directors. Without further statement of the pleadings in this case, it is sufficient to say that they present for adjudication the following questions: (1) Can less than a majority of the shareholders of a private corporation, upon the regular charter day, hold a valid election for directors? (2) Can persons claiming to be

elected directors at such meeting, upon the refsal of the corporation to permit them to be installed, be placed in office in an equity action for an injunction? (3) Was the election void because only two of the five directors were elected? Of these in their order.

There is no question in this action as to sufficiency of notice of election, it being held on the day prescribed in the charter. Only half of the stock was represented. Some confusion has arisen on the subject in hand by a failure to distinguish those cases which turn upon statutes or by-laws which require the presence and participation of the holders of a majority in value of the shares in order to constitute a legal quorum for the purpose of transacting the business of the corporation, from those cases which turn upon the common law regulation of the matter. As we have no statute bearing upon this subject, and there is no provision in the charter or the by-laws of the corporation prescribing what proportion of the shares constitute a quorum, we must, of necessity, rely upon the common law rule.

In Morawetz on Private Corporations (2d Ed.) section 76, the rule is thus stated: "The majority of a corporation means that portion of the shareholders present at a general meeting who are entitled to control the corporation by their votes. It is not necessary that a majority of all the shareholders or a great part of its shares be present at a meeting in order that the resolutions of the meeting shall be binding on the corporation. In the absence of an express provision to the contrary, the rule is that such of its shareholders as actually assemble at a properly convened meeting constitute a quorum for the transaction of business, and a majority of that quorum have authority to represent the corporation." Kent, in his Commentaries, vol. 2, p. 293, says: "There

is a distinction taken between a corporate act to be done by a select and definite body, as by a board of directors, and one to be performed by the constituent members. In the latter case, a majority of those who appear may act; but in the former, a majority of the definite body must be present, and then a majority of the quorum may decide. This is the general rule on the subject, and, if any corporation has a different modification of the expression of the binding will of the corporation, it arises from the special provision of the act or charter of incorporation." Cook, in his work on Corporations (4th Ed.) section 607, says: "The question has arisen whether the meeting can be held and business transacted when the majority in interest of the stockholders are not present. But the law is clear that the stockholders who attend a duly called stockholders' meeting may transact the business of the meeting although a majority in interest, or in numbers, of the stockholders are not present. . . ." The case of Brown v. The Pacific Mail Steamship Company, 5 Blatchf., 525, Fed. Cas., No. 2,025, was an action instituted by the stockholders of a majority of a corporation to prevent an election for directors to take place until certain questions relating to the right to vote the stock could be settled, it being alleged that at the approaching election the stockholders who constituted a minority had entered into a conspiracy to obtain an injunction against the holders of the majority of the stock, preventing them from voting, and before the matter of injunction could be adjudicated the minority would elect directors and secure control of the corporation. It became necessary for the court to consider whether such an election would be valid. If valid, the holders of the majority of the stock would be injured; if invalid, they would have no ground for injunction. The court said: "Certainly, if there ever was a case for relief

of some kind by injunction, this case is one of that kind, to prevent the commission of so great and admitted a wrong, wholly undefended. It is a case in which there would be no adequate remedy at law, because the law, as settled by the Supreme Court of the United States, in regard to the jurisdiction, in suits in equity, of the courts of the United States, in view of the statute which declares that there shall be no remedy in equity where there is a plain, adequate, and complete remedy at law, is that the remedy at law must be as efficient to the ends of justice, and its complete and prompt administration, as the remedy in equity. Now, in the present case, the election taking place under these circumstances, which it is thus admitted will be the circumstances of the case, would be perfectly legal, although accomplished in this way by a minority of the votes. There would be no ground, so far as I am able to perceive for setting aside the election, because an injunction, obtained from a proper court having jurisdiction, had excluded certain persons from voting." The learned judge thus fully recognized that a minority in value of the shares of the stock of a corporation could hold a valid election for directors, although the majority were kept from participation therein by the wrongful acts of the minority. The principle has not been carried so far in any other case with which we are acquainted.

In the case of Morrill v. Little Falls Manufacturing Company (Sup. Ct. of Minn.) 55 N. W., 547, 21 L. R. A., 174, it is said: "The second objection (a want of a majority of the stockholders at the meeting) is equally untenable. Where the charter and by-laws of a corporation are silent on the subject, the common-law rule is that such of the shareholders as actually assemble at a properly convened meeting, although a minority of the whole number, and

representing only a minority of the stock, constitute a quorum for the transaction of business, and may express the corporate will, and the body will be bound by their action. (Omitting authorities cited.) The contention of appellants, that this rule applies only to such organizations as towns, churches, and the like, and not to stock corporations, finds no support either in reason or authority. The correct distinction is between a corporate act to be done by a select body, of a definite number, as, for example, a board of directors or trustees, and one to be performed by the constituent members of the corporation. In the latter case, a majority of those who appear may act." The reason for the common law rule is obvious. If it were otherwise, the affairs of the corporation, through either the negligence or the malevolence of a majority of the shareholders, might be allowed to go to ruin. We know of no power by which the shareholders can be forced to attend the meeting of the corporation, but the law affords a sufficient remedy for this danger by placing the control of the property in the hands of those shareholders who are sufficiently interested in its affairs to attend the corporate meetings. If the rule we have announced did not prevail, a designing majority of the shareholders, who had obtained possession of the corporation by electing the directors, could retain the management indefinitely, no matter how injurious that management might be to its affairs, by simply abstaining from its corporate meetings.

The second objection urged by appellants against the judgment is that an equitable proceeding is not warranted in a case like this. This claim is based upon section 483 of the Civil Code, which is as follows: "If a person usurps an office or franchise, the person entitled thereto, or the Commonwealth, may prevent the usurpation by an ordinary action." It is said that, where the Code points out a remedy,

it is exclusive. This position is, perhaps, sound, but it has no application to the case at bar. The office meant by the section of the Code is a public office, and the remedy is given, either to the person entitled to the office, or to the Commonwealth. It has no application to the office of director of private corporations. The cases cited by counsel for appellants all involve public offices. In the case of Proctor Coal Co. v. Finley, etc., 98 Ky., 405, 17 R., 950, 33 S. W., 188, there was involved, alone, the question as to which of two contending sets of directors had been legally elected at a stockholders' meeting, and the remedy adopted was by bill in equity with injunction. In the case of Kelly v. Mitchell, 98 Ky., 218, 17 R., 850, 32 S. W., 599, 33 S. W., 408, Judge Lewis, speaking for the court, said: "The subject-matter of controversy in this action is possession and control, according to articles of incorporation, of the property and business affairs of the Oregon Gold Mining Company, and is exclusively between plaintiffs, suing therefor as directors and executive officers, certain stockholders uniting with them, and defendants, who, as incumbents, plead an adverse claim. And thus was formed the single issue in the action of title to the office." To the same effect is Schmidt v. Mitchell, 101 Ky., 570, 19 R., 763, 41 S. W., 929, 72 Am. St. Rep., 427. And yet both were in equity, with injunction as an ancillary remedy. But even if this position is unsound, the question between appellants and appellees was purely one of law, there being no real dispute as to the facts, and must necessarily have been disposed of by the court, no matter in what form the action was brought. The injunction came as a part of the final judgment, and appellants were not injured by the form in which the action was brought. They made no motion to transfer to the common law side of the docket, and we think the facts stated in the petition fully warranted

the judgment, which, in effect, was that appellees, being lawfully elected directors of the corporation at the election held on the first Monday in June, 1903, were given their offices.

We are not impressed with the suggestion that the election was void for the reason that only two directors were elected, instead of five. The charter provides that five directors shall be elected annually, and that they shall hold over until their successors are elected. As said before, there seems to have been a working agreement between the cities, who owned the stock, as to which should elect two, and which should elect three, of the directors in any one year. In 1903 it was Covington's time to elect only two directors, and in good faith it carried out that agreement, although complished in this way by a minority of the votes. There it might have elected the five, in the absence o fthe stockholders of the city of Newport from the meeting. The agreement between the cities alluded to is essential to harmony between them, each owning one-half of the stock, and there being five directors to be elected. It is one so absolutely practical and so eminently fair that we think it should be upheld.

Perceiving no error in the record, the judgment is affirmed.